IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ULLMAN, et al. | No. 2:14-cv-00843-SMV-GBW |
| | Consolidated for Pretrial Purposes: |
| Plaintiffs, | No. 2:15-cv-00097-SMV-WPL (Gonzales) |
| | No. 2:15-cv-00066-GBW-LAM (Delk) |
| v. | No. 2:15-cv-00068-GBW-LAM (Cummings) |
| | No. 2:15-cv-00081-CG-WPL (Lenderman) |
| DENCO, INC., et al., | No. 2:15-cv-00034-WPL-GBW (Lopez) |
| | No. 2:15-cv-00090-WPL-CG (Woods) |
| Defendants. | No. 2:15-cv-00158-WPL-SMV (Carver) |
| | No. 2:15-cv-00104-SMV-CG (Nowlin) |
| | No. 2:15-cv-00163-CG-LAM (Chavez) |
| | No. 2:15-cv-00127-LAM-GBW (Gomez) |
| | No. 2:15-cv-00157-LAM-SMV (Smolik) |

## ORDER REGARDING DISCOVERY MOTIONS

This matter is before the Court on Plaintiffs' Motions to Compel, *docs. 33 & 91* and Defendants' Motions for Protective Orders, *docs. 82 & 98*. The Court held an Omnibus Hearing on the motions on August 13, 2015. *Doc. 153.*[1] At the hearing, the Court stated that it would require the parties to submit affidavits outlining their respective costs and fees for motions on which they prevailed. However, after the hearing, the parties sent a letter to the Court, attached hereto as Exhibit A, informing it that the parties agreed "in the spirit of cooperation, to drop and withdraw their claims for any attorney fees or costs that the court had tentatively indicated it would award in relation to the motions argued . . . ." Ex. A. Having considered the motions, the

---

[1] This order memorializes the Court's rulings from the bench at the Omnibus Hearing held on August 13, 2015. *Doc. 153.* The parties should notify the Court of any discrepancies between this Order and their understanding of the Judge's rulings at the hearing.

arguments presented at the hearing, and the parties' letter, the Court will grant in part Plaintiffs' first Motion to Compel, *docs. 33*; deny Plaintiffs' second Motion to Compel, *doc. 91*; and grant in part Defendants' first Motion for Protective Order.  *Doc. 82.*[2]

### I.   STANDARD OF REVIEW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  To ensure discovery is produced, a party may file a motion to compel responses to properly propounded discovery.  *See* FED. R. CIV. P. 37(a).  However, a court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C).

Conversely, under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."  FED. R. CIV. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.*  "[T]he party seeking a protective order must show that disclosure will result in a clearly defined and serious injury . . . ."  *Klesch & Co. Ltd. v.*

---

[2] Prior to receiving the letter sent by the parties, the Court was also considering an award of fees and costs related to an earlier Motion for Protective Order filed by Defendants that the Court had previously granted.  *Docs. 98 & 107*.  Since the parties have agreed to withdraw their requests for costs and fees, the Court will deny as moot the now withdrawn request for sanctions.

*Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Ultimately, "[t]he decision to enter a protective order is within the court's discretion." *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

II.     ANALYSIS

    A. **Plaintiffs' Motion to Compel (*doc. 33*)**

In their Request for Production 9, Plaintiffs sought certified payroll records submitted to the government for "any project in which any of the named Plaintiffs worked on." *Doc. 33* at 4. The parties do not dispute that this discovery should be produced. The parties argue instead over whether the requested discovery has been produced in its entirety and whether the production was timely.

The Court had previously entered an Order setting a deadline of July 31, 2015, for the records to be produced. *Doc. 85.* At the motion hearing, Defendants' counsel represented that they had produced all of the certified payroll records in their possession, but did have to provide some supplementation after the above deadline had passed. *Doc. 153* at 7.

Plaintiffs asserted that production is not complete because there are gaps of time for which they do not have certified payrolls. *Id.* at 10. Given that Defendants do not dispute that these records should be produced, the Court will grant the Motion. To establish that Defendants have indeed produced all of the requested discovery, Plaintiff shall email defense counsel a comprehensive list of the certified payroll records they are

missing by no later than August 20, 2011.  No later than September 3, 2015, Defense counsel shall confirm by email whether or not Defendants have in their custody and control the records listed by Plaintiffs, and, if they have not produced them, why such production has not yet occurred.  The parties are to carbon copy the Court's proposed text inbox for both of the above communications.

### B. Motion to Compel (*doc. 91*)

At the motion hearing, Plaintiff stated that the underlying discovery at issue in this motion had been produced.  *Doc. 153* at 10.  Accordingly, the sole remaining issue is with respect to sanctions.  For the reasons set forth at the hearing, the Court finds that the parties had an agreement that the discovery at issue in this motion would be produced by June 26, 2015, and that Defendants failed to do so.  Given that Defendants produced the discovery a short time thereafter, the Court will not grant Plaintiffs' requested relief of having the unanswered requests for admission deemed admitted or find that any objections to the interrogatories are waived.  The Motion is therefore denied.

### C. Defendants' Motion for Protective Order (*doc. 82*)

As noted at the hearing, the disputes at issue in this motion will be resolved by the Court's setting discovery limits and the manner in which discovery is to proceed.  As to the discovery served by Plaintiffs in June 2015, Defendants shall not be required to respond and Plaintiffs may re-issue the requested discovery in accordance with the

Court's Order Scheduling Order filed concurrently herewith. *Doc. 154*. Thus, Defendants' Motion is granted in part, such that they do not have to respond to the June 2015 discovery as served.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' first Motion to Compel, *docs. 33*, is granted in part. Plaintiff shall email defense counsel a comprehensive list of the certified payroll records they are missing by no later than **August 20, 2011**. No later than **September 3, 2015**, Defense counsel shall confirm by email whether or not Defendants have in their custody and control the records listed by Plaintiffs, and, if they have not produced them, why such production has not yet occurred. The parties are to carbon copy the Court's proposed text inbox for both of the above communications.

IT IS FURTHER ORDERED that Plaintiffs' second Motion to Compel, *doc. 91*, is denied;

IT IS FURTHER ORDERED that Defendants' first Motion for Protective Order, *doc. 82*, is granted in part.

_____
GREGORY B. WORMUTH
United States Magistrate Judge