UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

BRENTON ULLMAN, *et al.*,

    Plaintiffs,

vs.

DENCO, INC., *et al.*,

    Defendants.

Case No: 2:14-CV-00843-SMV-GBW
Consolidated with
Case No: 2:15-CV-00097
Case No: 2:15-CV-00066
Case No: 2:15-CV-00068
Case No: 2:15-CV-00081
Case No: 2:15-CV-00034
Case No: 2:15-CV-00090
Case No: 2:15-CV-00158
Case No: 2:15-CV-00104
Case No: 2:15-CV-00163
Case No: 2:15-CV-00127
Case No: 2:15-CV-00157

## ORDER GRANTING MOTION TO COMPEL

This matter comes before the Court on Plaintiffs' Motion to Compel Against Defendant Denco, Inc. for Redacting Information from Relevant and Discoverable Documents and Request for Production of Unredacted Documents (*doc. 151*). The matter is fully briefed and the Court is fully advised. *See docs. 157, 163, 166,[1] 167*. The motion will be granted.

The dispute arises out of Defendant's refusal to produce unredacted copies of time sheets and payroll documents regarding work performed by Plaintiffs. Defendant

---

[1] While Defendants have not yet formally filed their Surreply, the proposed filing was attached to their unopposed Motion for Leave to File Surreply (*doc. 66*). The Court granted the motion for leave and has considered the briefing attached to it as Exhibit 1.

does not dispute that the documents are discoverable and, pursuant to a stipulation by the parties adopted by the Court as an order, the documents were required to be produced. *See doc. 85*. Defendant has produced the documents, but only after redacting the following: signatures of plaintiffs, and names (and signatures and other identifying information) of non-plaintiff Denco employees including supervisors and managers. Where, as here, an item is discoverable but a party seeks protection from its disclosure, the party opposing disclosure has the burden of establishing the basis for protection. *Barclaysamerican Corp., v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). Thus, Defendant bears the burden to show the redaction is proper. *See McNabb v. City of Overland Park*, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014).

Regarding Plaintiffs' signatures, Defendant's Response contains no justification for redacting them from the documents, and the Court can imagine none. As such, those redactions are without merit.

With respect to the redaction of identifying information about non-Plaintiff employees, Defendant justifies the redactions "on the basis of a privacy interest of Denco employees and former employees; a business interest of Denco in protecting confidential personnel information; an interest in preventing Plaintiffs' counsel from harassing Denco employees and former employees …; and a complete absence of a need for Plaintiffs' counsel to seek discovery of the names of persons that do not possess discoverable information." *Doc. 157* at 1.

Regarding these asserted bases, the Court must first address the impact of relevance. Plaintiff concludes that Defendant's last asserted basis is an objection based on relevance. The Court agrees that such a basis for redaction would be improper because the relevance of a document[2] sought pursuant to Rule 34 is determined once, as a single unit. *See HR Technology, Inc. v. Imura Intern., U.S.A., Inc.*, 2010 WL 4792388, at *5 (D. Kan. Nov. 17, 2010); *see also Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D. Pa. Sep. 30, 2008) ("Rule 34 talks about the production of 'documents,' as opposed to the relevant information contained in those documents."). As such, "[t]here is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information." *Orion Power*, 2008 WL4462301 at *2; *see also F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 555 (D. Nev. 2013); *ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, 2010 WL 5230862, at * 2 (N.D. Ohio Dec. 16, 2010); *Medtronic Sofamer Danek, Inc. v. Michelson*, 2002 WL 33003691, at *5 (W.D. Tenn. Jan. 30, 2002).

Nonetheless, redaction of responsive documents is proper under some circumstances, such as when the entry would reveal privileged information. *See, e.g, Vallabharpurapu v. Burger King*, 276 F.R.D. 611, 618 (N.D. Cal. 2011) (ordering production of documents "redacted to remove any [attorney's] opinions, impressions, or strategies" in accordance with work-product privilege); *see also* STEVEN BAICKER-MCKEE, ET AL.,

---

[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

FEDERAL CIVIL RULES HANDBOOK 795 (2015) ("If part of a document contains privileged matters and part does not, a party must provide the non-privileged matter, but may redact the privileged matter.") While the material Defendant seeks to redact is clearly not privileged, Defendant does rely on the privacy interests of non-parties. Rule 26(c) grants courts the authority to protect privacy interests. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984); *see also* Fed. R. Civ. P., Advisory Committee Notes (1970) ("Protection may be afforded to claims of privacy or secrecy," pursuant to Fed. R. Civ. P. 26(c)). When considering the protection of privacy interests under this broad protection power, a court should balance the need for the information against the burden imposed on the proffered privacy interests. *See e.g., Labrew v. City of New York*, 2009 WL 3747165, at *1 (S.D.N.Y. 2009); *Stampf v. Long Island Railroad Co.*, 2009 WL 3628109, at *2 (E.D.N.Y. 2009). Consequently, the alleged lack of "relevance" of the redacted information, while not a proper objection independently, is relevant to weighing a redaction justified on the basis of privacy. However, the redaction of otherwise discoverable documents is the exception rather than the rule. *See Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010).

  Regarding relevance, Defendants' claim that there is "a complete absence of a need for Plaintiffs' counsel to seek discovery of the names of persons that do not possess discoverable information." *Doc. 157* at 1. First, this statement begs a key question – do the employees whose names have been redacted possess discoverable

4

information? Plaintiff points out that the "redacted employees worked at the same job sites, and during the same time, as Plaintiffs . . . ." *Doc. 163* at 5. The Court has no trouble concluding that these individuals may indeed have discoverable information about Defendants' wage practices which form the basis of this lawsuit. Second, regarding the identity of managers and/or supervisors which approved time sheets, payroll documents or the allegedly illegal "banking" policy, the fact of their approval is discoverable in and of itself. Therefore, the Court finds that, under Rule 26, the redacted portions are clearly relevant to Plaintiffs' case.

The privacy interests asserted by Defendants, on the other hand, are unclear and weak. Defendants seek to redact information that is not considered private under Fed. R. Civ. P. 5.2(a).[3] The Court agrees with Defendants that the scope of Rule 5.2(a) is not dispositive. By its terms, it does not govern disclosures in discovery. However, it is a useful starting point when considering the type of information that most obviously implicates privacy interests. Defendants argue that the names, and in fewer cases addresses, of their employees (whether they be managers, supervisors, or co-employees) should remain private. However, Defendants do not explain why this is so. One's place of employment is not generally a closely guarded secret. Admittedly, some people do work somewhere or for someone which, if known to others, may create a real risk of harassment, embarrassment, or some other harm. But there is nothing to suggest

---

[3] It is not clear to the Court that any of the redacted material would fall within Rule 5.2(a). If it would, the Court hereby approves its redaction notwithstanding the granting of the motion to compel.

5

that Denco is such an employer.  Defendants do claim that giving out their names will lead to Plaintiffs' counsel "harassing" them.  *See doc. 157* at 1.  It appears that the general basis for this inflammatory charge[4] is that Plaintiffs' counsel may have the temerity to attempt to speak to them.  The Court is fully aware that citizens often prefer not to become embroiled in litigation (civil or criminal) as a witness or otherwise.  Nonetheless, seeking to speak to potential witnesses is not harassment and system of justice depends on citizens testifying on matters to which they are witnesses.

In further support of the claim of impending harassment, Defendants' point to "Plaintiffs' counsel's abusive and questionable tactics . . . [and assert that] Plaintiffs' counsel has violated discovery and professional rules with regard to contacting current and former Denco employees and other non-parties . . . ."  *Id*. at 6.  The most serious allegation involves Defendants' complaint that Plaintiffs' counsel told the partner of Amy Borunda, a former employee who was subject to a deposition subpoena, that "he would 'hire another attorney to be present' to represent Ms. Borunda because neither 'Denco nor their attorney would protect her as they were only looking out for their interests not Amy's.'"  *Id*. at 6 (quoting Ex. 5).  According to Defendants, these comments violated the provision of the New Mexico Rules of Professional Conduct which provides:

> In dealing on behalf of a client with the person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested.

---

[4] *See* N.M. Stat. Ann. § 30-3A-2 (1997).

> When the lawyer knows or reasonably should know that the
> unrepresented person misunderstands the lawyer's role in the matter, the
> lawyer shall make reasonable efforts to correct the misunderstanding.

Rule 16-403 N.M.R.A. Defendants argue that "[b]y offering to secure and pay for counsel for Ms. Borunda for her deposition because neither 'Denco no [sic] their attorney would protect her,' Mr. Furth implied that he was impartial and that he would protect her by securing counsel for her." *Doc. 157* at 7.

Based on the facts before the Court, there are two flaws in Defendants' charge of an ethical violation. First, the evidence presented is of Plaintiffs' counsel's communication with a third person who was supposed to relay a general message to Ms. Borunda in an effort to make contact. While the Court accepts that, even if the context of "leaving a message," an attorney should not imply disinterest, one would not expect the attorney to present a comprehensive explanation of the nature of potential conflict in that circumstance. For example, the Committee Commentary opines that "[i]n order to avoid a misunderstanding, a lawyer will typically need to identify the lawyer's client and, where necessary, explain that the client has interests opposed to those of the unrepresented parties." Rule 16-403 N.M.R.A., Committee Commentary. It would seem odd to require that Plaintiffs' counsel provide this explanation to the person simply being asked to pass along the request to call.[5] Defendants provide no

---

[5] In fact, small but important differences often appear when information is communicated through a third-party messenger. Such could explain the dispute here over whether Plaintiffs' counsel said that he "would hire another attorney to be present" or whether he "suggested Ms. Borunda get her own

7

evidence that Ms. Borunda herself spoke to Plaintiffs' counsel and that he failed to properly advise her.[6]

Second, even if the alleged statements had been made directly to Ms. Borunda, the Court is not persuaded that they would have created an implication of impartiality. It is undisputed that Plaintiffs' counsel identified who he was and who he represented. *Compare docs. 157*, Ex. 5 and *doc. 163* at 9.  His statement that the interests of Denco's counsel may not be aligned with Ms. Borunda's was true.  While it highlighted opposing counsel's interest, the purpose was not to have Ms. Borunda make any statement or take any action aside from obtaining her own representation from a third attorney.  If Ms. Borunda had been under any misapprehension about Plaintiffs' counsel's disinterest, new and independent counsel would soon disabuse her of it. Under the totality of the circumstances as presented, the Court finds no violation of Rule 16-403.

Notwithstanding their repeated use of plural nouns ("tactics," "employees," "non-parties," "violated … rules"),  the only other issue to which Defendants point is Plaintiffs' counsel's failure to serve them with subpoenas that had been served on third parties.  When one of these failures was brought to Plaintiffs' counsel's attention, he explained it as an oversight by his administrative staff.  *See doc. 163*, Ex. 1.  The

---

independent attorney, for whom [counsel] would pay attorneys' fees."  *Compare docs. 157*, Ex. 5 and *doc. 163* at 9.
[6] In fact, it may be that Ms. Borunda never contacted counsel because she was well aware that he was not disinterested.

credibility of this explanation is strengthened by Plaintiffs' counsel's subsequent and immediate checks to see if the issue had occurred for other subpoenas. *Id*. He learned that it had and promptly self-reported the other failures to opposing counsel. *Id*. Moreover, Plaintiffs' counsel took immediate steps to cure any prejudice. *Id*. Defendants' counsel appeared satisfied with the explanation and the remedies. *Id*. Under these circumstances, the Court is not persuaded that these subpoenas are evidence of "abusive and questionable tactics" or of "a pattern of improperly contacting persons to obtain information." *Doc. 157* at 6-7.

In sum, the Court finds that the material redacted by Defendants is relevant and discoverable. The Court further finds that the proffered privacy interests are insufficient to justify the proposed redaction. Not only are the privacy interests relatively minor, but there is nothing in Plaintiffs' counsel's conduct to heighten the privacy concerns. Thus, Plaintiffs' Motion to Compel will be granted.[7]

Having determined Plaintiffs are entitled to the requested discovery, the next question is whether costs and fees should be awarded. Upon resolution of motions to

---

[7] Defendants note that they have "produced to Plaintiffs' a list of all Denco officers, management, and hourly employees with supervisory responsibilities." *Doc. 157* at 4. Moreover, Defendants have provided four unredacted Post-It Notes™ showing the supervisor who signed those notes. In their Response and Surreply, they argue that these disclosures moot the request for the removal of redactions of supervisory names on the payroll documents and associated Post-It Notes™. *See doc. 157* at 4-5, and *doc. 166* at 2-3. It does not. While in some circumstances supplying requested information in another form can be sufficient, the Court does not find it to be the case here. The Plaintiffs are entitled the unredacted documents given the importance of context for these documents and their potential usefulness as exhibits. To the extent that Defendants complain about the burden of "go[ing] back and produc[ing] all of these documents again," it is a self-inflicted burden. *See doc. 166*, Ex. 1 at 2-3.

compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[8] *Id*. Defendants argue that fees should not be awarded because they "have shown, based on extensive case law and a pattern of discovery violations by Plaintiffs' counsel, that Defendants' actions in redacting non-plaintiff personal information were substantially justified." *Doc. 157* at 8. The Court disagrees. The redactions of the Plaintiffs' own signatures, and the names and signatures of managers/supervisors were plainly unjustified because the relevance of that information is so clear and the privacy interests are so minor. The remaining redactions of the names and addresses of individuals who were only co-workers is a closer call. However, the Court cannot agree that even those redactions were substantially justified. On this point, the Court notes that Defendants failed to raise the supposed privacy concerns when it agreed to this Court's Order to disclose the relevant documents without any exception for non-Plaintiff employee names or addresses. *See doc. 85*; *see also doc. 84*. Moreover, it does not appear that the

---

[8] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

expenses related to that particular dispute could be reasonably excised from the expenses caused by the Defendants' other redactions.

Because the Court finds none of the exceptions in Fed. R. Civ. P. 37(a)(5) applicable, Defendants are ordered to pay Plaintiffs' reasonable expenses and attorney's fees for the briefing of the Motion to Compel. Within seven days of the entry of this Order, Plaintiffs shall file an affidavit outlining expenses as described above. Defendants' objections to the amount claimed, if any, shall be filed within seven days of the filing of the affidavits.

Wherefore, Plaintiffs' Motion to Compel Against Defendant Denco, Inc. for Redacting Information from Relevant and Discoverable Documents and Request for Production of Unredacted Documents (*doc. 151*) is **GRANTED**.

_____
GREGORY B. WORMUTH
United States Magistrate Judge