IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRENTON ULLMAN, *et al.*,

    Plaintiffs,

vs.

DENCO, INC., *et al.*,

    Defendants.

Case No: 2:14-CV-00843-SMV-GBW
Consolidated with
Case No: 2:15-CV-00097
Case No: 2:15-CV-00066
Case No: 2:15-CV-00068
Case No: 2:15-CV-00081
Case No: 2:15-CV-00034
Case No: 2:15-CV-00090
Case No: 2:15-CV-00158
Case No: 2:15-CV-00104
Case No: 2:15-CV-00163
Case No: 2:15-CV-00127
Case No: 2:15-CV-00157

## ORDER ON DISCOVERY MOTIONS

This matter is before the Court pursuant to a hearing held on several discovery motions on October 1, 2015. At the hearing, the Court addressed Defendants' Motion to Stay (*doc. 161*) and Motion for Reconsideration (*doc. 184*), and Plaintiffs' Motion for Order to Show Cause (*doc. 159*) and Motion for Protective Order (*doc. 177*).[1] Having considered the motions, the arguments presented at the hearing, and supplemental

---

[1] This order memorializes the Court's rulings from the bench at the Omnibus Hearing held on October 1, 2015. *Doc. 197.* The parties should notify the Court of any discrepancies between this order and their understanding of the Court's rulings at the hearing.

material submitted by the parties after the hearing,[2] the Court will (1) grant in part Defendants' Motion to Stay (*doc. 161*); (2) deny Defendants' Motion for Reconsideration (*doc. 184*); (3) grant in part Plaintiffs' Motion for Order to Show Cause (*doc. 159*); and (4) deny Plaintiffs' Motion for Protective Order (*doc. 177*).

I.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). To ensure discovery is produced, a party may file a motion to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a). However, a court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C). "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).

Conversely, under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." FED. R. CIV. P. 26(c)(1). "The court may, for good cause, issue an

---

[2] At the Court's request, the parties submitted correspondence and proposed orders. They bore on the specifics of the Court's ruling regarding emails related to federal investigations into Defendants.

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "[T]he party seeking a protective order must show that disclosure will result in a clearly defined and serious injury . . . ." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Ultimately, "[t]he decision to enter a protective order is within the court's discretion." *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

Upon resolution of motions to compel or motions for a protective order, the "losing" party is generally required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[3] *Id*.

II. ANALYSIS

   A. **Plaintiffs' Motion for Order to Show Cause (*doc. 159*) and Defendants' Motion for Reconsideration (*doc. 184*)**

The parties' jointly submitted a proposed order to the Court requiring the production of documents listed in the order. The Court adopted the proposed order and entered it on June 26, 2015. *Doc. 85.* The Order required the production of

---

[3] The party against whom sanctions are sought must also be given an opportunity to be heard. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

documents falling within a "relevant time period" and defined that period as "August 13, 2010 to the present." *Doc. 85*. Plaintiffs thereafter sought documents required to be produced under the Order that were within the "relevant time period." *Doc. 159*. Defendants responded that the scope of the order is necessarily limited by the relevance requirement of Rule 26, which would not require Defendants to produce documents from 2015, and filed a Motion for Reconsideration seeking to modify the time period set forth in the stipulated order. *Docs. 184, 189*. Given that the parties themselves agreed to define a "**relevant** time period" of August 10, 2013, to the present and that the order was entered on June 26, 2015, the Court finds Defendants' argument that documents from 2015 are not relevant wholly unpersuasive.

As to the non-2015 discovery, Defendants assert that Plaintiffs failed to address issues related to this discovery before seeking Court intervention. Defendants further assert that they have either produced the requested materials, that no such materials exist, that the requests are cumulative, or that they have since produced documents that should have previously been produced but had not been due to clerical error. *Doc. 189* at 3-7. As discussed at the hearing, however, some of the documents which Defendants asserted had been produced had not, and the Court does not find the relevant documents to be cumulative. *Doc. 197* at 4-11.

For the above reasons, the Court will grant the motion in part.

IT IS THEREFORE ORDERED as follows:

Defendants shall produce the documents they agreed to produce in the stipulated order (*doc. 85*) for the relevant time period between August 10, 2013, and June 26, 2015.

Defendants shall produce the spreadsheet(s) identified as Bates Nos. 25005-25012, as well as any spreadsheets related to the investigation by the Department of Labor that began on or around July 16, 2014, including the spreadsheets referred to by Lulu Wescott during her deposition.  Defendants shall also produce any and all emails between Jacobo Valenzuela and any Denco or Lynden employee during the period of October 1, 2013, through August 31, 2014.

Defendants shall also produce all documents relating to any Army Corps of Engineers investigation, including emails between David Ramirez or David Ledesma and any Denco or Lynden employee during the period of October 1, 2013, through December 31, 2013.

The Court will take under advisement Plaintiffs' request to have Defendants' hard drive and email server mirrored until the items in the preceding paragraphs are produced and a settlement conference takes place.

Furthermore, because the Court has denied Defendants' request for relief from having to produce documents from 2015, which was the same relief requested in Defendants' Motion for Reconsideration (*doc. 184*), that motion is hereby denied.

Finally, the Court will grant Plaintiffs' request for costs. *See* Fed. R. Civ. P. 37(a)(5) (providing that a court is to require the "losing" party to pay the reasonable expenses incurred in making or opposing the motion unless any of three exceptions apply). The Court finds that Defendants' argument that "the relevant time period" did not include documents from 2015 is not substantially justified. Fed. R. Civ. P. 37(a)(5)(i). The Court also finds that Plaintiffs attempted to resolve the issue of producing documents from 2015 with Defendants before seeking relief from the Court, and that Defendants have not presented any reason as to why awarding Plaintiffs their costs would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(i)-(ii).

**B. Motion to Stay (*doc. 161*)**

Defendants initially requested a stay of discovery through October 7, 2015, and an extension of time to respond to all outstanding discovery requests and motions until October 22, 2015. *Doc. 161*. At the motion hearing, Defense counsel requested a thirty-day extension from the date of the hearing to respond to outstanding discovery motions and also requested that no new motions be filed during that time. *Doc. 197* at 12. However, Defendants agreed to produce the documents the Court had ordered in its ruling on Plaintiffs' Motion for Order to Show Cause. *Id.* Plaintiffs' counsel argued

against any stay or extensions because granting such relief would adversely affect the potential for settlement.

To limit costs incurred prior to the scheduled settlement conference (*see doc. 200*), the Court will grant the Motion in part.

IT IS THEREFORE ORDERED that discovery is not stayed. However, the time permitted for briefing on motions filed at *doc. 176* and *doc. 183* is tolled as of October 1, 2015, until November 2, 2015. Moreover, while the parties may file new discovery motions during this time frame, the Court may toll the time permitted to respond to such motions *sua sponte*. The Court also hereby tolls the time permitted under the local rules for filing discovery motions as of October 1, 2015, until November 2, 2015. *See* D.N.M.LR-Civ. 26.6. Finally, the Court finds both parties' positions on this matter to be substantially justified and therefore will not award costs to either side.

### C. Plaintiffs' Motion for Protective Order (*doc. 177*)

Plaintiffs seek protection from Plaintiff Ullman having to sit for a second deposition session and assert that the rule plainly states that depositions are to last no more than seven hours over the course of one day. *Doc. 177*. Defendants respond that they should be allowed to complete the remainder of Plaintiff Ullman's deposition because Plaintiff Ullman gave lengthy and non-responsive answers and because defense counsel needed to leave the deposition early to attend to childcare issues. *Doc.*

*197* at 14.  Defendants also assert that completing Plaintiff Ullman's deposition would assist Defendants in making a settlement offer.

Rule 30(d)(1) reads, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."  The Court finds sufficient cause to permit Defendants to complete the remainder of Plaintiff Ullman's seven-hour deposition in a second session.  Plaintiffs' Motion is therefore denied.  However, the Court finds Plaintiffs' position to be substantially justified and will not award costs.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that (1) Defendants' Motion to Stay (*doc. 161*) is granted in part; (2) Defendants' Motion for Reconsideration (*doc. 184*) is denied; (3) Plaintiffs' Motion for Order to Show Cause (*doc. 159*) is granted in part; and (4) Plaintiffs' Motion for Protective Order (*doc. 177*) is denied.

IT IS FURTHER ORDERED that Plaintiffs' counsel shall submit an affidavit outlining their reasonable expenses and attorney's fees for briefing on the Motion for Order to Show Cause (*doc. 159*) within seven days of the entry of this order. Defendants' objections to the amount claimed, if any, shall be filed within seven days of the filing of the affidavits.

                                                _____
                                                GREGORY B. WORMUTH
                                                United States Magistrate Judge