IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRENTON ULLMAN, *et al.*,

    Plaintiffs,

vs.

DENCO, INC., *et al.*,

    Defendants.

Case No: 2:14-CV-00843-SMV-GBW
Consolidated with
Case No: 2:15-CV-00097
Case No: 2:15-CV-00066
Case No: 2:15-CV-00068
Case No: 2:15-CV-00081
Case No: 2:15-CV-00034
Case No: 2:15-CV-00090
Case No: 2:15-CV-00158
Case No: 2:15-CV-00104
Case No: 2:15-CV-00163
Case No: 2:15-CV-00127
Case No: 2:15-CV-00157

## ORDER GRANTING MOTION FOR LEAVE TO FILE SURREPLY

This matter comes before the Court on Defendants' Motion for Leave to File Surreply, *doc. 253*, and Plaintiffs' Response in Opposition, *doc. 260*. The local rules state that "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Defendants argue that Plaintiffs' reply adds new evidence and arguments which requires the Court to either grant leave to file a surreply or to disregard the reply. *Doc. 253* at 2-3.

Plaintiffs do not dispute that they presented new **evidence** in their Reply. Instead, they emphasize that they "submitted no new and novel **arguments** requiring the extraordinary relief of allowing a [] surreply. Rather, Plaintiffs simply rebutted

1

Defendant's [sic] arguments contained in its Response." *Doc. 260* at 4 (emphasis added). Plaintiffs' position has, at least in the context of summary judgment motions, been rejected. As the Tenth Circuit has stated:

> We pointed out that 'Rule 56(c) requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials.' 'Rule 56(c) simply requires that if the court relies on new materials *or* new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.' The district court incorrectly distinguished *Beaird* on the ground that it applied only to new legal arguments supported by new materials while here, the new material supported legal arguments already made. Rather, *Beaird* speaks in terms of either new legal arguments or new material. Therefore, in accordance with *Beaird*, we conclude the court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in [the] reply brief.

*Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159 (10th Cir.1998)). Given *Doebele*'s and *Beaird*'s explicit reliance on Rule 56, the undersigned does not conclude, however, that this approach governs in all non-dispositive matters. In fact, in non-dispositive matters, surreplies should be permitted only in rare circumstances and, generally, only where the movant improperly raises new arguments in a reply. As many judges have said, the paper exchanges between parties must not be permitted *ad infinitum*.

Defendants claim that "Plaintiff's [sic] counsel's introduction of new evidence and arguments in his reply brief, rather than his original motion, is inappropriate because it requires the filing of a surreply… ." *Doc. 253* at 1. The Court finds nothing inappropriate with Plaintiffs' citation to new evidence to rebut the claims made by

2

Defendants in their response.  Defendants fail to persuade the Court that Plaintiffs should have necessarily anticipated their response and pre-emptively presented the "new" evidence.  Defendants also fail to persuade the Court that Plaintiffs improperly introduced new arguments as opposed to replying to arguments made in Defendants' response.

Thus, the question becomes whether, notwithstanding the appropriateness of Plaintiffs' reply brief, this briefing falls within that rare set where a surreply should be permitted.  Based on the gravity of the allegations made in Plaintiffs' motion and reply as well as an abundance of caution, the Court concludes that it is.  According to Plaintiffs' motion:

> Serious issues remain regarding whether Mr. Law perjured himself, and whether Defendants made material misrepresentations regarding producing responsive documents to Plaintiffs' subpoena. The Court should hold a hearing to determine what happened and whether a fraud on the Court has occurred. The Court should order Mr. Law, Mr. Carrillo, and Mr. Jones to attend the hearing to explain to the Court, and be cross-examined under oath, inter alia: why Mr. Law testified he produced documents pursuant to the subpoena to defense counsel, why Mr. Jones represented he was producing documents Mr. Law produced pursuant to the undersigned's subpoena, and why those representations changed after the undersigned threatened to file a motion to compel.

*Doc. 176* at 10.  Given this requested relief and the underlying allegations, the Court should err on the side of a complete record rather than procedural expedience.

Therefore, Defendants' Motion for Leave to File Surreply (*doc. 253*) is GRANTED.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE