IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRENTON ULLMAN, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DENCO, INC., *et al.*,<br><br>　　　　　Defendants. | No.　2:14-cv-0843 SMV/GBW<br>　　　consolidated with<br><br>Nos.　2:15-cv-0034 WPL/GBW<br>　　　2:15-cv-0066 CG/GBW<br>　　　2:15-cv-0068 CG/GBW<br>　　　2:15-cv-0081 CG/GBW<br>　　　2:15-cv-0090 WPL/GBW<br>　　　2:15-cv-0097 SMV/GBW<br>　　　2:15-cv-0104 SMV/GBW<br>　　　2:15-cv-0127 LAM/GBW<br>　　　2:15-cv-0157 LAM/GBW<br>　　　2:15-cv-0158 WPL/GBW<br>　　　2:15-cv-0163 CG/GBW |

## ORDER REGARDING MOTION TO ENFORCE SETTLEMENT AGREEMENTS

THIS MATTER comes before the Court on a review of Defendants' Motion to Enforce Settlement Agreements. *Doc. 215*. Having reviewed the parties' briefing, the Court issues the following order requiring parties to exchange original documents for all settlement agreements between Defendants and Plaintiffs Tommy Lopez, Arthur Woods, Jr., Alex Chavez, III, William Houston and Ronald Wayne Nowlin.

On October 5, 2015, Plaintiffs Tommy Lopez, Arthur Woods, Jr., and Alex Chavez, III, accepted settlement offers presented by Plaintiffs, subject to minor form modifications. *Doc. 215*, Ex. 1-4. Defendants accepted the proposed changes on the same day. *Doc. 215*, Ex. 5. On October 6, 2015, Plaintiffs William Houston and Ronald Wayne Nowlin accepted settlement offers presented by Defendants. *Doc. 215*, Ex. 1, 6. However, with regard to each of these agreements, the parties disagree as to precisely what version of each document constitutes the wording of the settlement agreement.

For example, Defendants claim that the two agreements for Plaintiffs Houston and Nowlin were not subject to the minor form modifications which were included in the agreements of Plaintiffs Lopez, Woods, and Chavez. *See doc. 215*, at 2. Defendants also claim that on October 7, 2015, Plaintiffs' Counsel attempted to make additional substantive changes to the agreements after the relevant Plaintiffs had already accepted the agreements as presented. *Id*.

Plaintiffs state that the parties have worked out their differences as to the substance and form of the agreement, and provide an email exchange between the parties to that effect. *See doc. 237* at 1; *doc. 237*, Ex. 1. Thereafter, Plaintiffs provided Defendants with e-mailed copies of signed and notarized execution pages from each relevant individual. *Doc. 266*, Ex. 1. They also requested that Defendants withdraw their motion to enforce, claiming that the questions regarding parties to be bound and terms of the agreements have been resolved. *Doc. 237*, Ex. 1 at 1.

Defendants, however, object to the electronic transmission of the signed execution pages and request delivery of the original execution pages attached to the agreements signed by the Plaintiffs. *Doc. 266* at 2-3. Defendants allege that this objection was not a mere semantic dispute over the form of delivery. Rather, they argue that viewing the original execution pages along with the versions of the agreements to which they are attached is vital to determining: (1) whether the parties had a meeting of the minds on the precise terms of the agreement; and (2) whether Plaintiffs had actually executed the version they had accepted in the email exchange. *See doc. 266*, Ex. 2-4.

As both parties concede that the terms of any settlement agreement must be presented to the Presiding Judge for fairness determination and adoption, these agreements are not yet ripe for a motion to enforce. *See* 29 U.S.C. § 216(c); *Robles v. BrakeMasters Sys., Inc.*, No. CIV 10-0135 JB/WPL, 2011 WL 9717448, at *18 (D.N.M. Jan. 31, 2011) (the District Court must enter an order approving the fairness of a proposed settlement in order for an employee to waive a claim for unpaid minimum wages or overtime pay under FLSA).  However, upon review of these claims, it is hereby ordered that the parties exchange the signed, original execution pages along with true and correct copies of the settlement agreements between all Defendants and Plaintiffs Chavez, Woods, Houston, Nowlin, and Lopez.[1]

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] During the hearing held on 12/16/15, Defendants also requested that the Court order exchange of the original signed agreements between all Defendants and Plaintiffs Cummings, Gonzales, Carver, Padilla, Acosta, and Gomez.  Plaintiffs opposed exchanging those originals, as they were outside the scope of the motion and because Plaintiffs wanted time to consult with a bankruptcy specialist regarding the effect that Denco, Inc.'s bankruptcy would have on these agreements.  The Court ordered the parties to show each other the original signed documents of these Plaintiffs for inspection and comparison, but did not order the parties to exchange those documents.  The Court will hold a hearing to determine this issue at a later date.